**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JEFFREY D. JUSTICE, II, | : |
| | :   Case No. _____ |
| Plaintiff, | : |
| | :   <u>JURY TRIAL DEMANDED</u> |
| v. | : |
| | :   **COMPLAINT FOR VIOLATION OF THE** |
| SPIRIT AIRLINES, INC., EDWARD M. | :   <u>**SECURITIES EXCHANGE ACT OF 1934**</u> |
| CHRISTIE, III, CARLTON D. DONAWAY, | : |
| MARK B. DUNKERLEY, H. MCINTYRE | : |
| GARDNER, ROBERT D. JOHNSON, | : |
| BARCLAY G. JONES III, CHRISTINE P. | : |
| RICHARDS, MYRNA M. SOTO, and | : |
| DAWN M. ZIER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On February 5, 2022, Spirit Airlines, Inc. ("Spirit" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Frontier Group Holdings, Inc. ("Frontier") and Top Gun Acquisition Corp. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Spirit's stockholders will receive $2.13 in cash and 1.9126 shares of Frontier common stock per share.

3. On March 11, 2022, defendants filed a S-4 Registration Statement (the "Registration Statement") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Registration Statement fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 15 U.S.C. § 78aa because the Registration Statement, which plaintiff alleges to be materially false and misleading, was transmitted by defendants into this District, including to plaintiff, who resides in this District.  *See, e.g., Wojtunik v. Kealy*, 2003 WL 22006240, at *5-6 (E.D. Pa. Aug. 26, 2003).

**THE PARTIES**

8.     Plaintiff is and has been continuously throughout all relevant times the owner of Spirit common stock.  Plaintiff resides in this District.

9.     Defendant Spirit is a Delaware corporation.  Spirit's common stock is traded on the New York Stock Exchange under the ticker symbol "SAVE."

10.    Defendant Edward M. Christie, III is President and Chief Executive Officer of the Company and a member of the Board of Directors of Spirit (the "Board").

11.    Defendant Carlton D. Donaway is a member of the Board.

12.    Defendant Mark B. Dunkerley is a member of the Board.

13.    Defendant H. McIntyre Gardner is a member of the Board.

14.    Defendant Robert D. Johnson is a member of the Board.

15.     Defendant Barclay G. Jones III is a member of the Board.

16.     Defendant Christine P. Richards is a member of the Board.

17.     Defendant Myrna M. Soto is a member of the Board.

18.     Defendant Dawn M. Zier is a member of the Board.

19.     Defendants identified in ¶¶ 10-18 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

20.      Spirit is a leading budget airline serving destinations throughout the U.S., Latin America, and the Caribbean.

21.     On February 5, 2022, Spirit's Board caused the Company to enter into the Merger Agreement.

22.     The press release announcing the Proposed Merger provides as follows:

Spirit Airlines, Inc. ("Spirit") (NYSE: SAVE) and Frontier Group Holdings, Inc. ("Frontier") (NASDAQ: ULCC), parent company of Frontier Airlines, Inc., today announced a definitive merger agreement under which the companies will combine, creating America's most competitive ultra-low fare airline.

Together, Frontier and Spirit expect to change the industry for the benefit of consumers, bringing more ultra-low fares to more travelers in more destinations across the United States, Latin America and the Caribbean, including major cities as well as underserved communities. The stronger financial profile of the combined company will empower it to accelerate investment in innovation and growth and compete even more aggressively, especially against the dominant "Big Four" airlines, among others.

William A. Franke, the Chair of Frontier's Board of Directors and the managing partner of Indigo Partners, Frontier's majority shareholder, noted that Indigo has a long history with both Spirit and Frontier, and is proud to partner with them in creating a disruptive airline. "We worked jointly with the Board of Directors and senior management team across both carriers to arrive at a combination of two complementary businesses that together will create America's most competitive ultra-low fare airline for the benefit of consumers."

"We are thrilled to join forces with Frontier to further democratize air travel," said Ted Christie, President and CEO of Spirit. "This transaction is centered around

creating an aggressive ultra-low fare competitor to serve our Guests even better, expand career opportunities for our Team Members and increase competitive pressure, resulting in more consumer-friendly fares for the flying public. We look forward to uniting our talented teams to shake up the airline industry while also continuing our commitment to excellent Guest service."

"This combination is all about growth, opportunities and creating value for everyone – from our Guests to our Team Members to the flying public at large," said Mac Gardner, Chairman of the Board of Spirit. "We're a perfect fit – our businesses share similar values, including our longstanding commitment to affordable travel. At the same time, we have complementary footprints and fleets, including one of the youngest and greenest fleets worldwide. Together, we will be even more competitive for our Guests and our Team Members, and we are confident we can deliver on the benefits of this combination to consumers."

"Together, Frontier and Spirit will be America's Greenest Airline and deliver more ultra-low fares to more people in more places," said Barry Biffle, President and CEO of Frontier. "I couldn't be more excited for our team members, customers, partners, the communities we serve and our shareholders."

**Consumers Win With More Ultra-Low Fares to More Places**

The combined airline is expected to:

Deliver $1 billion in annual consumer savings.

Offer more than 1,000 daily flights to over 145 destinations in 19 countries, across complementary networks.

Expand with more than 350 aircraft on order to deliver more ultra-low fares.

Increase access to ultra-low fares by adding new routes to underserved communities across the United States, Latin America and the Caribbean.

Deliver even more reliable service through a variety of operational efficiencies.

Expand frequent flyer and membership offerings.

**Team Members Win With Expanded Opportunities and Increased Stability**

By 2026 Spirit and Frontier expect to add 10,000 direct jobs and thousands of additional jobs at the companies' business partners.

Given the growth of the combined company, it is expected that all current team members will have an opportunity to be a part of the combined airline.

Team Members of the combined airline will have better career opportunities and more stability as part of the most competitive ultra-low fare airline in the United States.

## Sustainability Wins With America's Greenest Airline

Frontier and Spirit will be America's Greenest Airline, providing nationwide access to sustainable and affordable air travel. The combined airline will have the youngest, most modern and fuel-efficient fleet in the United States, featuring the largest fleet of A320neo family aircraft of any airline in the country. The combined airline is expected to achieve over 105 seat miles per gallon by 2025.

## Shareholders Win With Superior Value Creation

The combination of Spirit and Frontier is expected to deliver enhanced value to shareholders of both companies.

On a combined basis, the company would have annual revenues of approximately $5.3 billion based on 2021 results.

Once combined, Frontier and Spirit expect to deliver annual run-rate operating synergies of $500 million once full integration is completed, which will be primarily driven by scale efficiencies and procurement savings across the enterprise with approximately $400 million in one-time costs.

The combined airline is expected to have a strengthened financial profile, with a cash balance of approximately $2.4[2] billion as of the end of 2021 on a combined basis.

Under the terms of the merger agreement, which has been unanimously approved by the boards of directors of both companies, Spirit equity holders will receive 1.9126 shares of Frontier plus $2.13 in cash for each existing Spirit share they own. This implies a value of $25.83 per Spirit share at Frontier's closing stock price of $12.39 on February 4, 2022, representing a premium of 19% over the February 4, 2022, closing price of Spirit, and a 26% premium based on the 30 trading-day volume-weighted average prices of Frontier and Spirit. The transaction values Spirit at a fully diluted equity value of $2.9 billion, and a transaction value of $6.6 billion when accounting for the assumption of net debt and operating lease liabilities.

Upon closing of the transaction, existing Frontier equity holders will own approximately 51.5% and existing Spirit equity holders will own approximately 48.5% of the combined airline, on a fully diluted basis, providing both Frontier and Spirit equity holders with substantial upside potential.

**Bringing Our Airlines Together – Governance and Timing to Completion**

The Board of Directors for the new airline will be comprised of 12 directors (including the CEO), seven of whom will be named by Frontier and five of whom will be named by Spirit. Mr. Franke will be Chairman of the Board of the combined company.

The merger is expected to close in the second half of 2022, subject to satisfaction of customary closing conditions, including completion of the regulatory review process and approval by Spirit stockholders. Frontier's controlling stockholder has approved the transaction and related issuance of shares of Frontier common stock upon signing of the merger agreement. The combined company's management team, branding and headquarters will be determined by a committee led by Mr. Franke prior to close.

**Advisors**

Citigroup Global Markets Inc. is serving as financial advisor and Latham & Watkins, LLP is serving as legal advisor to Frontier. Barclays and Morgan Stanley & Co. LLC are serving as financial advisors and Debevoise & Plimpton LLP is serving as legal advisor to Spirit.

23.     On March 11, 2022, defendants filed the Registration Statement, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

24.     The Registration Statement fails to disclose material information regarding Spirit's and Frontier's financial projections, specifically: the line items underlying the financial projections.

25.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

26.     The Registration Statement fails to disclose material information regarding the financial analyses conducted by Barclays and Morgan Stanley.  When a banker's endorsement of

the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

27.     Regarding Barclays' Selected Comparable Company Analysis, the Registration Statement fails to disclose the individual multiples for the companies utilized by Barclays.

28.     Regarding Barclays' Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values utilized by Barclays; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Barclays; and (iii) the total debt, cash, and fully diluted shares utilized by Barclays.

29.     Regarding Barclays' Research Analyst Price Targets Analysis, the Registration Statement fails to disclose: (i) the price targets utilized by Barclays; and (ii) the sources of the price targets utilized by Barclays.

30.     Regarding Morgan Stanley's Discounted Cash Flow Analyses, the Registration Statement fails to disclose: (i) the terminal values utilized by Morgan Stanley; (ii) the inputs and assumptions underlying the discount rates and multiples utilized by Morgan Stanley; and (iii) the fully diluted shares utilized by Morgan Stanley.

31.     Regarding Morgan Stanley's Discounted Equity Value Analyses, the Registration Statement fails to disclose the inputs and assumptions underlying the discount rates and multiples utilized by Morgan Stanley.

32.     Regarding Morgan Stanley's Discounted Analyst Price Targets Analysis, the Registration Statement fails to disclose: (i) the price targets utilized by Morgan Stanley; (ii) the sources of the price targets utilized by Morgan Stanley; and (iii) the inputs and assumptions underlying the discount rates utilized by Morgan Stanley.

## COUNT I

## Claim Against the Individual Defendants and Spirit for Violation of Section 14(a) of the Exchange Act and Rule 14a-9

33.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

35.     Spirit is liable as the issuer of these statements.

36.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

37.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

38.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39.     A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

40.     The Registration Statement is an essential link in causing plaintiff to approve the Proposed Merger.

41.     Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42.     Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Spirit within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45.     Due to their positions as officers and/or directors of Spirit and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47.     Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48.     The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger.  They were thus directly involved in the making of the Registration Statement.

49.     Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50.     The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51.     These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52.     Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B.     In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.     Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 21, 2022                **GRABAR LAW OFFICE**

                                      By:  _____
                                           Joshua H. Grabar (#82525)
                                           One Liberty Place
                                           1650 Market Street, Suite 3600
                                           Philadelphia, PA 19103
                                           267-507-6085
                                           jgrabar@grabarlaw.com

                                           *Counsel for Plaintiff*